UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARIN COUNTY DISTRICT ATTORNEY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-05557-JSC<br><br>**ORDER OF DISMISSAL; DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND SUBPOENA DUCES TECUM**<br><br>(ECF Nos. 4, 5) |

## INTRODUCTION

Plaintiff, a detainee at Napa State Hospital ("NSH"), filed this civil rights complaint under 42 U.S.C. § 1983 against the Marin County District Attorney and a Deputy District Attorney. (ECF No. 1 at 2.) Plaintiff filed 12 cases in this court, including this one, in approximately six months.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is DISMISSED, and Plaintiff's motions for a preliminary injunction and a subpoena duces tecum are DENIED

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of

---

[1] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Internal Affairs Division of Marin Cty. Sherriff's Dept., et al.*, No. C 22-4972 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Board of Equalization,* No. C 22-6169 JSC; *Clark v. Supervisors for Marin Cty.,* No. C 22-6173 JSC; *Clark v. Medical Board of California, et al.,* No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance, et al.*, No. C 22-6204 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Global Tel\*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Marin Cty. Sherriff's Dep't., et al.*, No. C 22-7295 JSC.

the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

The complaint sets forth the following claim, which is quoted in its entirety:

> My statement of claim is the Respondent(s) cause of acting of the attached prima facie evidence of their bad faith as bonded public servants own self profit and/or shareholders corporate profits as CONTRACTORS to restrain and monopolize the Commercial Monetary Debit/Credit System in order to control our American Federal Governmental Rights of Free and Just Trade. I do not accept the liability of the compelled benefit of any unrevealed contract or commercial agreement. I am not ever subject to any silent contracts and have never knowingly or willingly contracted away my sovereignty as a Lawful Federal Gov't Citizen, Owner of Age, and non UCC person.

> Marin County District Attorney, Lori Elizabeth Frugoli, Daniel L. Madow, et al., presented a Bill of Particular without my knowledge or written consent, who are not the injured parties and no proof of service without due process of law.  An autographed promise to appear by the Authorized Representative without Prejudice without Recourse was removed from evidence showing bad faith and abandoned my right to petition and right to publicity as a matter of asserted secured Common Law Rights by the Constitution, and not in compliance without prejudice UCC 1-308/1-207.

(ECF No. 1 at 2-3.)

A claim that is totally incomprehensible is frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis). Plaintiff's claim is wholly incomprehensible.  It contains some legal terms, but they have no apparent or explained relation to each other and are not supported by any factual allegations.  The claim also uses a variety phrases whose meaning is not explained, and certainly not obvious, such as the "Commercial Monetary Debit/Credit System," "the American Federal Governmental Rights of Free and Just Trade," "the liability of the compelled benefit of any unrevealed contract or commercial agreement," "Authorized Representative;" the "autographed promise to appear;" the "right to publicity;" "secured Common Law Rights;" and "UCC 1-308/1-207."  (ECF No. 1 at 2-3.)  The Court also does not understand the allegation that he has "sovereignty as a Lawful Federal Gov't Citizen, Owner of Age, and non UCC person." (*Id.* at 3.)  The foregoing allegations and Plaintiff's claim as a whole are totally incomprehensible and, therefore, frivolous.  Because the claim is incomprehensible, moreover, the Court cannot discern any way for it to be cured by amendment. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility).  Accordingly, the case is dismissed without leave to amend.

Plaintiff has filed two motions for a preliminary injunction and a subpoena duces tecum.  (ECF Nos. 4, 5.)  The first does not describe what form of injunction he seeks or what he wishes to subpoena.  (ECF No. 4.)  The second motion seeks "an emergency restraining order indefinite for defendants depriving me of my Magna Carta Bill of Rights converting a right into a crime and systematically burying evidence to gain conviction." (ECF No. 5.)  There is no need to issue a

1 general injunction ordering Defendants not to violate Plaintiff's constitutional rights or hide
2 evidence relevant to his criminal proceedings because Defendants already have a legal obligation
3 not to do these things.  In addition, a preliminary injunction requires service upon the Defendants
4 or a certificate of the efforts, if any, Plaintiff has made to give notice of the motion to the
5 Defendants. *See* Fed. R. Civ. P. 65(a)(1), (b).  Defendants have not been served, and Plaintiff has
6 not certified his efforts to notify Defendants of the motion.  A preliminary injunction also requires
7 Plaintiff to show his claims are likely to succeed.  *See Winter v. Natural Resources Defense*
8 *Council, Inc.*, 555 U.S. 7, 20 (2008).  There is no possibility that Plaintiff's claim will succeed
9 because it is frivolous.  Accordingly, the motions for a preliminary injunction and for a subpoena
10 duces tecum are denied.

## CONCLUSION

For the reasons explained above, this case is DISMISSED without leave to amend.  The motions for a preliminary injunction and a subpoena duces tecum are DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 13, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge